UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOLT'S COMPANY, a Delaware Company, <br><br> Plaintiff, <br><br> v. <br><br> HOBOKEN CIGARS LLC, d/b/a DON DONATO CIGARS, a New Jersey Limited Liability Company; SORAIDA CRUZ; DON DONATO; and, PROFILIO DONATO, <br><br> Defendants. | Civil No. 09-3782 (WJM) <br><br><br> ORDER |

**THIS MATTER** comes before the Court on Defendants' motion to vacate the Clerk's entry of default on October 12, 2009 (Docket No. 26). In his moving papers, Defendants' lawyer concedes that he failed to file an Answer because he deemed it "unnecessary" and "concluded that this action was not a priority for the Plaintiff." (Defs. Mot. ¶ 15.) However, once the Clerk entered default, Defendants moved to vacate the entry of default soon thereafter on October 15, 2009.

Federal Rule of Civil Procedure 55(c) provides, in part, that: "[t]he court may set aside an entry of default for good cause ..." Accordingly, the decision whether to set aside the entry of a default is left primarily to the discretion of the trial court. In considering whether good cause to set aside the default entry has been demonstrated, the Court must weigh three factors: (1) whether Plaintiff will be prejudiced; (2) whether the default was the result of Defendants' culpable conduct; and (3) whether Defendants have a meritorious defense. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

In the instant case, the first two factors favor Defendants. The Court finds no prejudice to Plaintiff, particularly since an injunction is in place barring the sale or distribution of any counterfeit merchandise protected by Plaintiff's mark. (Docket Nos. 7, 28.) Further, the default does not appear to stem from Defendants' culpable conduct; instead, Defendants' attorney concedes that the failure to file an answer was due to his view that it was unnecessary. *Gross v. Stereo Component Sys. Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1984) (defining "culpable conduct" in the context of vacating a default as "actions taken willfully or in bad faith."). The third factor, however, is fatal to Defendants' motion. A meritorious defense is demonstrated when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency,* 728 F.2d at 195 (citation omitted). Defendants failed to attach an Answer to the instant motion to vacate default. Further, in their motion, Defendants asserted no defense to the allegations in the complaint – much less a "meritorious defense," as required to set aside the default. Since this motion has been pending for some time, with no answer filed and no requests for leave to file an answer, the Court finds no good cause to set aside the entry of default. For the foregoing reasons, and for good cause appearing;

**IT IS** on this 18th day of May 2010, hereby,

**ORDERED** that Defendants' motion to set aside the entry of default is **DENIED**.

    /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**